**SERVIDONE CONSTRUCTION CORPORATION, Plaintiff–Intervenor–Appellee,**

v.

**Seymour LEVINE, as Executor of the Estate of Naomi Reiss, Appellant,**

v.

**Max E. GREENBERG, Cantor, Trager & Toplitz, Cross–Defendants,**

**William BARR, Acting Attorney General of the United States and Charles Bowsher, Comptroller General of the United States, Defendants,**

v.

**Naomi REISS, Intervenor–Defendant–Appellant,**

**Barry Golomb, Intervenor–Plaintiff–Appellee,**

**Bond, Schoeneck & King, LLP, Movants,**

**St. Paul Fire & Marine Insurance Company; First Bank, N.A.; Goddard & Blum; Ray Goddard; Gregory Ronan; and Howard Blum, Intervenors–Defendants–Counter–Claimants–Appellees.**

**Docket No. 97–9409.**

United States Court of Appeals, Second Circuit.

Argued Sept. 15, 1998.

Decided Sept. 25, 1998.

Before: CABRANES and POOLER, Circuit Judges, and TRAGER,* District Judge.

PER CURIAM.

This appeal from judgment entered by the United States District Court for the Northern District of New York (Neal P. McCurn, *Judge*) involves a dispute between parties asserting respective interests in a money judgment. Other issues presented on this appeal were decided by an unpublished summary order issued today. *See Servidone Construction Corp. v. Levine*, No. 97–9409, 1998 WL 690065 (2d Cir. Sept. 25, 1998). We write only to address the parties' cross-motions for substitution and to dismiss the appeal.

One of the claimants to an interest in the money judgment was Naomi Reiss, whose ex-husband had worked as a partner at two of the law firms that had handled early stages of the underlying litigation—the litigation that ultimately succeeded in securing the money judgment at issue in this appeal. At some point apparently during the pendency of the district court proceedings, Mrs. Reiss died. Following the district court's entry of final judgment, Levine filed a notice of appeal as executor of Reiss's estate; the notice of appeal was dated October 28, 1997.

In March 1998, appellees Ray Goddard and the Majority Interests of Goddard & Blum filed a motion in this court, requesting dismissal of the appeal "for failure to timely substitute appellant's executor pursuant to FRCP 25(a)(1)." ** Shortly thereafter, Levine moved this court, "seek[ing] an order substituting him for … Naomi Reiss."

In their respective motion papers, each side appears to misunderstand the law that we apply in adjudicating substitution motions. The appellees apprehend that Fed. R.Civ.P. 25(a)(1) governs this matter. In pertinent part, Rule 25(a)(1) provides that [t]he motion for substitution may be made by any party or by the successors or representatives of the deceased party, and together with notice of the hearing, shall

Stuart A. Jackson, New York City, for Appellant.

Joseph P. Dineen, Goddard, Ronan & Dineen, P.C., New York City, for Appellees Ray Goddard and Majority Interests of Goddard & Blum.

---

* The Honorable David G. Trager, of the United States District Court for the Eastern District of New York, sitting by designation. (Judge Trager is not related to David Trager of Max E. Greenberg, Cantor, Trager & Toplitz, a law firm that was a party below.)

** Prior to oral argument in this case, we entered an order preliminarily denying appellees' motion, without prejudice to consideration at oral argument.

**416**

be served on the parties.... Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

Because appellant elliptically mentioned the death of Naomi Reiss in the October 28, 1997 notice of appeal (by referring to her "estate"), appellees argue that a substitution motion had to be filed within the ensuing ninety days. Levine appears to accept that under Rule 25(a)(1), his substitution motion would be untimely. He argues, however, that state—rather than federal—law should govern the period for succession, and that the applicable New York rule would render his motion timely.

 Neither position is correct. We have previously recognized that the Federal rules, rather than state-law principles, govern the procedure for substitution following a party's death, even where the court must apply state substantive law. *See Iovino v. Waterson,* 274 F.2d 41 (2d Cir.1959) (Friendly, J.); *see also Staggers v. Otto Gerdau Co.,* 359 F.2d 292, 295–96 (2d Cir.1966) (applying Rule 25(a)(1) to a motion to dismiss for failure to substitute deceased's administrator in diversity action); 7C Charles Alan Wright *et al., Federal Practice and Procedure* § 1952, at 526 (2d ed.1986) (Fed.R.Civ.P. 25(a)(1) is purely procedural, and thus should be applied even in diversity cases). But the appellees are equally mistaken in suggesting that we are required—or even permitted—to dismiss pursuant to Fed.R.Civ.P. 25(a)(1). While Rule 25(a)(1) governs substitution motions filed before the *district court,* substitution motions made before the court of appeals are decided under Fed. R.App. P. 43. *See* 6 James Wm. Moore *et al., Moore's Federal Practice* § 25.10[7][c] (3d ed.1998). Unlike Fed.R.Civ.P. 25(a)(1), Rule 43 does not specify any time period for substitution. And in any event, even if we were to conclude that the ninety-day period from Fed. R.Civ.P. 25(a)(1) should apply here, there is no evidence in the record to suggest that "a statement of the fact of the death" has been properly served in accordance with Fed.

R.Civ.P. 25(a)(1); accordingly, the record does not allow us to conclude that the ninety-day period under that rule would have begun to run. Moreover, it does not appear that appellants have suffered any prejudice from Levine's delay in making his substitution motion.

Under these circumstances, we find it appropriate to (1) deny appellees' motion to dismiss, and (2) grant Levine's motion for substitution.